IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DOUGLAS JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| COOK COUNTY SHERIFF THOMAS | ) | |
| DART, in his official capacity, | ) | |
| ANTWAUN BACON, a CCDOC officer, and | ) | |
| COOK COUNTY, a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Douglas Johnson, by and through his attorneys of Dvorak Law Offices, LLC and complains against Defendants Dart, Bacon, and Cook County, stating as follows:

JURISDICTION AND VENUE

1. The incident stems from events that first took place on or about July 19, 2020 in the City of Chicago, in Cook County, Illinois.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, U.S.C. 42 U.S.C. § 1983, § 1988 and 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States pendant jurisdiction as provided under 28 U.S.C. § 1367(a), as well as Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794, et. seq.), the Americans with Disabilities Act (42 U.S.C. §12101, et. seq.).

1

3.    Venue is proper under 28 U.S.C. § 1391(b)(2) as all parties resigned in this
      judicial district and all underlying events pertaining to the claims occurred
      within the district.

      PARTIES

4.    The Plaintiff was, at all times relevant to his claims, an inmate of the Cook
      County Jail in his late fifties.

5.    On July 19, 2020, the Plaintiff had been found guilty of a criminal offense, but
      he had not yet been sentenced.

6.    Months later, the Plaintiff's motion for new trial was granted, and he was again
      awaiting trial.

7.    Due to the above circumstances, the Plaintiff's claim is not governed by the
      Eighth Amendment to the United States Constitution, and is instead a claim
      that sounds in the Fourth Amendment.

8.    The Plaintiff, at the time of the filing of this Complaint, is not incarcerated, and
      is instead on an I-bond after that conviction was overturned.

9.    Due to the above circumstance, the Prison Litigation Reform Act has no
      application to this matter.

10.   Sheriff Thomas Dart is an elected official who is the chief executive of the Cook
      County Jail and Cook County Department of Corrections.

11.   Antwaun Bacon was, at all times relevant to this Complaint, a Correctional
      Officer working under color of law, and within the course and scope of his duties
      as an employee of Sheriff Dart.

12. The County of Cook is the indemnifying agent for the actions of Dart and Bacon in this case.

FACTS

13. On or about December of 2019, the Plaintiff's back gave out and he collapsed in Division 10 of the Cook County Jail.

14. Shortly thereafter, he was sent to Stroger/Cook County Hospital, where radiology indicated that he had spinal problems, including but not limited to a slipped disc.

15. The Plaintiff was then re-housed in Division 8 RTU; there he was given a cane to assist him in walking.

16. Because of his use of a cane, the Plaintiff, per Cook County Department of Corrections policy and/or custom or practice, the Plaintiff was not required to be handcuffed when he was escorted out of Division 8 for visitations (which take place in Division 1).

17. On July 19, 2020, the Plaintiff had a visit from his wife and two granddaughters.

18. Defendant Bacon, who, upon information and belief, had been recently assigned to Division 8 from a post elsewhere in the Department of Corrections, was tasked with escorting the Plaintiff to the visitation area.

19. Defendant Bacon disregarded and/or was unaware and/or deliberately took actions to not discovery the policy and/or practice once put on notice by the Plaintiff of the policy exempting the Plaintiff from handcuffs.

20. Defendant Bacon, knowingly, intentionally, and/or deliberately indifferently, fastened a pair of handcuffs excessively tightly on the Plaintiff's wrists.

21. The tightness of these handcuffs was objectively unreasonable and caused the Plaintiff great pain.

22. Defendant Bacon tightened the handcuffs with indifference to the Plaintiff's health and comfort.

23. The Plaintiff immediately complained to Bacon that his handcuffs were too tight and were causing him great pain.

24. The Plaintiff explained to Defendant Bacon that he (the Plaintiff), per CCOD policy and/or practice and/or custom was not be required to wear handcuffs at all.

25. Defendant Bacon ignored the Plaintiff's pleas and forced him to walk with his cane in handcuffs, knowing this would cause the Plaintiff extreme pain and suffering, and risked further injury.

26. Because his hands were fastened together and in great pain, the Plaintiff could not make effective use of his cane, which he held lightly in his handcuffed hands, without being able to put any weight on it.

27. Because the Plaintiff could only move slowly, the walk to Division 1 lasted about 15 minutes through underground tunnels, which conduct to an outdoor yard where in-person visitations occur.

28. Within the course of those 15 minutes, the Plaintiff complained approximately a dozen times to Bacon that he was unable to use his cane and that the handcuffs were causing him great pain.

29. The Plaintiff lost his footing twice but managed to stay upright by leaning on the wall.

30. At the end of the walk, the Plaintiff came upon a set of stairs that lead up out of the tunnel to the open yard. The Plaintiff was so physically exhausted and constrained by the handcuff and canes that he could only crawl up the stairs on his knees.

31. Sheriff Dart knew or should have known that Plaintiffs with canes would be forced to walk up a stairs to their visits, but failed to correct this situation through alternative reasonable accommodations and/or Bacon could accommodated the Plaintiff so he would not have to use the stairs, in addition to the accommodation he denied about not being handcuffed.

32. The Plaintiff asked for help but the Defendant Bacon offered the Plaintiff no assistance.

33. Defendant Bacon led the Plaintiff into the yard where the Plaintiff saw his wife, Davensis Mays, and his granddaughters Devaria Davis, and Jada Johnson.

34. The Plaintiff continuously complained to Defendant Bacon about the tightness of his cuffs but Bacon made no effort to loosen or remove them.

35. The Plaintiff's hands had become markedly swollen and reddened around the wrists; this was plainly visible to both the Plaintiff's wife and granddaughters, and to Defendant Bacon.

36. The Defendant spoke with his family approximately 15 minutes and was then escorted back through to Division 8 by Defendant Bacon.

37. All the while the pain in the Plaintiff's wrists and hands was mounting. The Plaintiff was able to make it down the steps into the tunnel by leaning on the rail, but he should not have been forced to walk back down these steps, without or without handcuffs.

38. The Plaintiff's breathing became labored.

39. The Plaintiff has suffered from asthma since the age of four.

40. The Plaintiff's COVID-policy-required facemask became drenched with his sweat and breathing became difficult for the Plaintiff.

41. The Plaintiff asked for a clean mask but Bacon refused to give him one, even though they passed by two stations where masks were available, and even though Bacon knew the Plaintiff was suffering from an asthma attack.

42. In the elevator on the way up to Division 8, the Plaintiff had a full-blown asthma attack.

43. When the elevator opened, Defendant Bacon removed the Plaintiff's cuffs and the Plaintiff was able to treat himself with a steroid inhaler.

44. The Plaintiff ran cold water on his hands, but his hands remained swollen and extremely painful.

6

45. A bump or knot of flesh was visible on the inside of his right wrist.

46. The Plaintiff,s hands, and especially his right hand, were very weak.

47. The Plaintiffs hands and wrists were normal and fully functional prior to July 19, 2020.

48. Since July 19, 2020, the Plaintiff has experienced pain, numbness, and tingling in both hands, especially his right hand.

49. The Plaintiff is right-dominant and has not been able to hold his right hand in a fist position since July 19 of 2020.

50. For the remainder of his time in the Cook County Jail, the Plaintiff's injuries impaired his ability to feed himself, bath himself, and dress himself;

51. It became impossibly painful to place any pressure on his right arm/hand/wrist and the Plaintiff cannot sleep in his right side.

52. In the immediate aftermath of July 19, 2020 handcuffing, the Plaintiff complained to medical personnel at Division 8/Cermak Health Services that his wrists and hands were injured.

53. Over the course of 2020 and early 2021 the Plaintiff was sent to Stroger Hospital for a variety of diagnostic/radiological tests.

54. Physicians at Stroger diagnosed the Plaintiff with nerve damage in his right wrist and performed a carpal tunnel surgery on the Plaintiff's right wrist in April of 2021.

55. The Plaintiff has never recovered full functionality in his hands, and upon information and belief, will require a further surgery or surgeries. The

Plaintiff's ability to cook, clean, and take care of himself has been substantially impaired because of his injuries.

56. The Defendants' conduct caused the Plaintiff damages including past and future physical and emotional suffering, as well as pecuniary damages.

## COUNT I: Excessive Force/Deliberate Indifference

### The Plaintiff v. Defendant Bacon
### (Section 1983 - Fourth Amendment or, alternatively Eighth Amendment)

57. Each of the paragraphs of this Complaint is incorporated herein.

58. The Defendant Bacon, acting unreasonably and/or with deliberate indifference, and/or willfully and wantonly and/or maliciously, when he fastened the Plaintiff's handcuffs excessively tightly, causing the Plaintiff physical, emotional, and pecuniary injuries.

59. As a result, the Plaintiff suffered injuries, described more fully above.

60. Because the actions of Defendant Bacon were malicious and/or willful and wanton, the Plaintiff also seeks punitive damages against Defendant Bacon.

## COUNT I: *Monell* Deliberate Indifference

### The Plaintiff v. Defendant Dart in his official capacity
### (Section 1983 - Fourth Amendment or, alternatively Eight Amendment)

61. Each of the paragraphs of this Complaint is incorporated herein.

62. The Plaintiff was injured as a result of one or more policies and procedures of Sheriff Thomas Dart.

63. Dart acted with deliberate indifference and/or acted unreasonably in failing to enact policies and procedures and/or to train his officers to know how and when to handcuff inmates with special physical needs such as the Plaintiff.

64. Sheriff Dart also acted with deliberate indifference and/or acted unreasonably in failing to enact policies and procedures and/or to train his officers as to methods of avoiding stairs on prison visits and/or to construct housing units that would accommodate such individuals like the Plaintiff with disabilities.

65. The policies and procedures described in this complaint were the moving force and proximate cause of the Plaintiffs' injuries.

### COUNT III: Rehabilitation Act Violation
### The Plaintiff v. Defendant Dart in his official capacity

66. Each of the above paragraphs setting forth the factual allegations is incorporated as if fully restated herein.

67. Section 504 provides that "[]no otherwise qualified individual with a disability in the United States …shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance..." 29 U.S.C. § 794.

68. Section 504 requires covered entities to provide reasonable accommodations to enable qualified individuals with disabilities to participate in the program or activity.

69. The Cook County Sheriff is subject to the Rehabilitation Act as his office is an entity that receives federal financial assistance. 29 U.S.C. §794(b); C.F.R. § 27.1.

70. The Plaintiff is a qualified individual with a disability pursuant to Section 504 because of the injuries described in the complaint, and his difficulty standing and walking and his need for a cane.

71. Defendant's conduct was intentional and deliberately indifferent to the Plaintiff's federally protected rights, denying the Plaintiff benefits and use of jail facilities, causing the Plaintiff damages.

### COUNT III: ADA Violation
### The Plaintiff v. Defendant Dart in his official capacity

72. Each of the above paragraphs setting forth the factual allegations is incorporated as if fully restated herein.

73. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132..

74. The ADA requires public entities to provide reasonable accommodations to qualified individuals with disabilities to enable them to benefit from the service and participate in the program or activity.

75. The Plaintiff is a qualified individual with a disability pursuant to the ADA because of the injuries described in the complaint, and his difficulty standing and walking and his need for a cane.

76. Defendant's conduct was intentional and deliberately indifferent to the Plaintiff's federally protected rights, denying the Plaintiff benefits and use of jail facilities, causing the Plaintiff damages.

77. As a result of Defendant's unlawful actions, the Plaintiff suffered injuries, including past, present and future physical and emotional pain and suffering, disability, and loss of normal life.

### COUNT IV: State Indemnification Claim
### Plaintiff v. Cook County

78. Upon information and belief, pursuant to state statute, Cook County is the indemnifying entity for any judgment for compensatory damages entered against Defendants Dart and Bacon.

79. Therefore Cook County has a material interest in the outcome of this action, and is being sued for indemnification of any judgement, other than punitive damages.

### CONCLUSION

Therefore, for the reasons stated above, the Plaintiff seeks compensatory damages, punitive damages against Defendant Bacon, as well as costs and attorneys' fees, and any other relief that this Court may deem appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,

/s/ Richard Dvorak
Richard Dvorak
One of the Attorneys for the Plaintiff.

Richard Dvorak
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, Illinois 60527
630-568-3190
richard.dvorak@civilrightsdefenders.com