IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DOUGLAS JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| COOK COUNTY SHERIFF THOMAS | ) | |
| DART , in his official capacity, | ) | 22 C 3718 |
| ANTWAUN BACON, a CCDOC officer, | ) | |
| and ) COOK COUNTY, a municipal | ) | Judge Robert W. Gettleman |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

<u>DEFENANT ANTWAUN BACON'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Defendant, Antwaun Bacon through their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, by her Assistant State's Attorney Joel Zeid and answers Plaintiff's Complaint as follows:

<u>JURISDICTION AND VENUE</u>

1. The incident stems from events that first took place on or about July 19, 2020 in the City of Chicago, in Cook County, Illinois.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, U.S.C. 42 U.S.C. § 1983, § 1988 and 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States pendant jurisdiction as provided under 28 U.S.C. § 1367(a), as well as Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794, et. seq.), the Americans with Disabilities Act (42 U.S.C. §12101, et. seq.).

1

3.  Venue is proper under 28 U.S.C. § 1391(b)(2) as all parties resigned in this judicial district and all underlying events pertaining to the claims occurred within the district.

PARTIES

4.  The Plaintiff was, at all times relevant to his claims, an inmate of the Cook County Jail in his late fifties.

5.  On July 19, 2020, the Plaintiff had been found guilty of a criminal offense, but he had not yet been sentenced.

6.  Months later, the Plaintiff's motion for new trial was granted, and he was again awaiting trial.

7.  Due to the above circumstances, the Plaintiff's claim is not governed by the Eighth Amendment to the United States Constitution, and is instead a claim that sounds in the Fourth Amendment.

8.  The Plaintiff, at the time of the filing of this Complaint, is not incarcerated, and is instead on an I-bond after that conviction was overturned.

9.  Due to the above circumstance, the Prison Litigation Reform Act has no application to this matter.

10. Sheriff Thomas Dart is an elected official who is the chief executive of the Cook County Jail and Cook County Department of Corrections.

11. Antwaun Bacon was, at all times relevant to this Complaint, a Correctional Officer working under color of law, and within the course and scope of his duties as an employee of Sheriff Dart.

12. The County of Cook is the indemnifying agent for the actions of Dart and Bacon in this case.

FACTS

13. On or about December of 2019, the Plaintiff's back gave out and he collapsed in Division 10 of the Cook County Jail.

**ANSWER: Defendant denies the allegations contained in paragraph 13.**

14. Shortly thereafter, he was sent to Stroger/Cook County Hospital, where radiology indicated that he had spinal problems, including but not limited to a slipped disc.

**ANSWER: Defendant admits that on 12/8/2019 the Plaintiff was sent to Stroger Hospital.**

15. The Plaintiff was then re-housed in Division 8 RTU; there he was given a

3

cane to assist him in walking.

**ANSWER: Defendant admits that Plaintiff was housed in Division 8.**

16. Because of his use of a cane, the Plaintiff, per Cook County Department of Corrections policy and/or custom or practice, the Plaintiff was not required to be handcuffed when he was escorted out of Division 8 for visitations (which take place in Division 1).

**ANSWER: Defendant admits that Plaintiff was given a cane on 12/8/2019.**

17. On July 19, 2020, the Plaintiff had a visit from his wife and two granddaughters.

**ANSWER: Defendant admits that on 7/19/20 the Plaintiff.**

18. Defendant Bacon, who, upon information and belief, had been recently assigned to Division 8 from a post elsewhere in the Department of Corrections, was tasked with escorting the Plaintiff to the visitation area.

**ANSWER: Defendant admits to the allegations contained in paragraph 18.**

19. Defendant Bacon disregarded and/or was unaware and/or deliberately took actions to not discovery the policy and/or practice once put on notice by the Plaintiff of the policy exempting the Plaintiff from handcuffs.

**ANSWER: Defendant denies the allegations contained in paragraph 19.**

20. Defendant Bacon, knowingly, intentionally, and/or deliberately indifferently, fastened a pair of handcuffs excessively tightly on the Plaintiff's wrists.

**ANSWER: Defendant denies the allegations contained in paragraph 20.**

21. The tightness of these handcuffs was objectively unreasonable and caused the Plaintiff great pain.

**ANSWER: Defendant denies the allegations contained in paragraph 21.**

22. Defendant Bacon tightened the handcuffs with indifference to the Plaintiff's health and comfort.

**ANSWER: Defendant denies the allegations contained in paragraph 22.**

23. The Plaintiff immediately complained to Bacon that his handcuffs were too tight and were causing him great pain.

**ANSWER: Defendant denies the allegations contained in paragraph 23.**

24. The Plaintiff explained to Defendant Bacon that he (the Plaintiff), per CCOD policy and/or practice and/or custom was not be required to wear handcuffs at all.

**ANSWER: Defendant denies the allegations contained in paragraph 24.**

25. Defendant Bacon ignored the Plaintiff's pleas and forced him to walk with his cane in handcuffs, knowing this would cause the Plaintiff extreme pain and

suffering, and risked further injury.

**ANSWER: Defendant denies the allegations contained in paragraph 25.**

26. Because his hands were fastened together and in great pain, the Plaintiff could not make effective use of his cane, which he held lightly in his handcuffed hands, without being able to put any weight on it.

**ANSWER: Defendant denies the allegations contained in paragraph 26.**

27. Because the Plaintiff could only move slowly, the walk to Division 1 lasted about 15 minutes through underground tunnels, which conduct to an outdoor yard where in-person visitations occur.

**ANSWER: Defendant denies the allegations contained in paragraph 27.**

28. Within the course of those 15 minutes, the Plaintiff complained approximately a dozen times to Bacon that he was unable to use his cane and that the handcuffs were causing him great pain.

**ANSWER: Defendant denies the allegations contained in paragraph 28.**

29. The Plaintiff lost his footing twice but managed to stay upright by leaning on the wall.

**ANSWER: Defendant denies the allegations contained in paragraph 29.**

30. At the end of the walk, the Plaintiff came upon a set of stairs that lead up out of the tunnel to the open yard. The Plaintiff was so physically exhausted and constrained by the handcuff and canes that he could only crawl up the stairs on his knees.

**ANSWER: Defendant denies the allegations contained in paragraph 30.**

31. Sheriff Dart knew or should have known that Plaintiffs with canes would be forced to walk up a stairs to their visits, but failed to correct this situation through alternative reasonable accommodations and/or Bacon could accommodated the Plaintiff so he would not have to use the stairs, in addition to the accommodation he denied about not being handcuffed.

**ANSWER: Defendant denies the allegations contained in paragraph 31.**

32. The Plaintiff asked for help but the Defendant Bacon offered the Plaintiff no assistance.

**ANSWER: Defendant denies the allegations contained in paragraph 32.**

33. Defendant Bacon led the Plaintiff into the yard where the Plaintiff saw his wife, Davensis Mays, and his granddaughters Devaria Davis, and Jada Johnson.

**ANSWER: Defendant denies the allegations contained in paragraph 33.**

34. The Plaintiff continuously complained to Defendant Bacon about the

tightness of his cuffs but Bacon made no effort to loosen or remove them.

**ANSWER: Defendant denies the allegations contained in paragraph 34.**

35. The Plaintiff's hands had become markedly swollen and reddened around the wrists; this was plainly visible to both the Plaintiff's wife and granddaughters, and to Defendant Bacon.

**ANSWER: Defendant denies the allegations contained in paragraph 35.**

36. The Defendant spoke with his family approximately 15 minutes and was then escorted back through to Division 8 by Defendant Bacon.

**ANSWER: Defendant denies the allegations contained in paragraph 36.**

37. All the while the pain in the Plaintiff's wrists and hands was mounting. The Plaintiff was able to make it down the steps into the tunnel by leaning on the rail, but he should not have been forced to walk back down these steps, without or without handcuffs.

**ANSWER: Defendant denies the allegations contained in paragraph 37.**

38. The Plaintiff's breathing became labored.

**ANSWER: Defendant denies the allegations contained in paragraph 38.**

39. The Plaintiff has suffered from asthma since the age of four.

**ANSWER: Defendant denies the allegations contained in paragraph 39.**

8

40. The Plaintiff's COVID-policy-required facemask became drenched with his sweat and breathing became difficult for the Plaintiff.

   **ANSWER: Defendant denies the allegations contained in paragraph 40.**

41. The Plaintiff asked for a clean mask but Bacon refused to give him one, even though they passed by two stations where masks were available, and even though Bacon knew the Plaintiff was suffering from an asthma attack.

   **ANSWER: Defendant denies the allegations contained in paragraph 41.**

42. In the elevator on the way up to Division 8, the Plaintiff had a full-blown asthma attack.

   **ANSWER: Defendant denies the allegations contained in paragraph 42.**

43. When the elevator opened, Defendant Bacon removed the Plaintiff's cuffs and the Plaintiff was able to treat himself with a steroid inhaler.

   **ANSWER: Defendant denies the allegations contained in paragraph 43.**

44. The Plaintiff ran cold water on his hands, but his hands remained swollen and extremely painful.

   **ANSWER: Defendant denies the allegations contained in paragraph 44.**

45. A bump or knot of flesh was visible on the inside of his right wrist.

**ANSWER: Defendant denies the allegations contained in paragraph 45.**

46. The Plaintiff,s hands, and especially his right hand, were very weak.

**ANSWER: Defendant denies the allegations contained in paragraph 46.**

47. The Plaintiffs hands and wrists were normal and fully functional prior to July 19, 2020.

**ANSWER: Defendant denies the allegations contained in paragraph 47.**

48. Since July 19, 2020, the Plaintiff has experienced pain, numbness, and tingling in both hands, especially his right hand.

**ANSWER: Defendant denies the allegations contained in paragraph 48.**

49. The Plaintiff is right-dominant and has not been able to hold his right hand in a fist position since July 19 of 2020.

**ANSWER: Defendant denies the allegations contained in paragraph 49.**

50. For the remainder of his time in the Cook County Jail, the Plaintiff's injuries impaired his ability to feed himself, bath himself, and dress himself;

**ANSWER: Defendant denies the allegations contained in paragraph 50.**

51. It became impossibly painful to place any pressure on his right

arm/hand/wrist and the Plaintiff cannot sleep in his right side.

**ANSWER: Defendant denies the allegations contained in paragraph 51.**

52. In the immediate aftermath of July 19, 2020 handcuffing, the Plaintiff complained to medical personnel at Division 8/Cermak Health Services that his wrists and hands were injured.

**ANSWER: Defendant denies the allegations contained in paragraph 52.**

53. Over the course of 2020 and early 2021 the Plaintiff was sent to Stroger Hospital for a variety of diagnostic/radiological tests.

**ANSWER: Defendant admits that Plaintiff was taken to Stroger Hospital in 2021.**

54. Physicians at Stroger diagnosed the Plaintiff with nerve damage in his right wrist and performed a carpal tunnel surgery on the Plaintiff's right wrist in April of 2021.

**ANSWER:  Defendant denies the allegations contained in paragraph 54.**

55. The Plaintiff has never recovered full functionality in his hands, and upon information and belief, will require a further surgery or surgeries. The Plaintiff's ability to cook, clean, and take care of himself has been substantially impaired because of his injuries.

**ANSWER: Defendant denies the allegations contained in paragraph 55.**

11

56. The Defendants' conduct caused the Plaintiff damages including past and future physical and emotional suffering, as well as pecuniary damages.

**ANSWER: Defendant denies the allegations contained in paragraph 56.**

## COUNT I:

### Excessive Force/Deliberate Indifference

**The Plaintiff v. Defendant Bacon**
**(Section 1983 - Fourth Amendment or, alternatively Eighth Amendment)**

57. Each of the paragraphs of this Complaint is incorporated herein.

**ANSWER: Defendants denies the allegations contained in paragraph 57.**

58. The Defendant Bacon, acting unreasonably and/or with deliberate indifference, and/or willfully and wantonly and/or maliciously, when he fastened the Plaintiff's handcuffs excessively tightly, causing the Plaintiff physical, emotional, and pecuniary injuries.

**ANSWER: Defendant denies the allegations contained in paragraph 58.**

59. As a result, the Plaintiff suffered injuries, described more fully above.

**ANSWER: Defendant denies the allegations contained in paragraph 59.**

60. Because the actions of Defendant Bacon were malicious and/or willful and wanton, the Plaintiff also seeks punitive damages against Defendant Bacon.

**ANSWER: Defendant denies the allegations contained in paragraph 60.**

## COUNT I: *Monell* Deliberate Indifference

**The Plaintiff v. Defendant Dart in his official capacity**
**(Section 1983 - Fourth Amendment or, alternatively Eight Amendment)**

61. Each of the paragraphs of this Complaint is incorporated herein.

   **ANSWER: Defendant denies the allegations contained in paragraph 61.**

62. The Plaintiff was injured as a result of one or more policies and procedures of Sheriff Thomas Dart.

   **ANSWER: Defendant denies the allegations contained in paragraph 62.**

63. Dart acted with deliberate indifference and/or acted unreasonably in failing to enact policies and procedures and/or to train his officers to know how and when to handcuff inmates with special physical needs such as the Plaintiff.

   **ANSWER: Defendant denies the allegations contained in paragraph 63.**

64. Sheriff Dart also acted with deliberate indifference and/or acted unreasonably in failing to enact policies and procedures and/or to train his officers as to methods of avoiding stairs on prison visits and/or to construct housing units that would accommodate such individuals like the Plaintiff with disabilities.

   **ANSWER: Defendant denies the allegations contained in paragraph 64.**

65. The policies and procedures described in this complaint were the moving force

and proximate cause of the Plaintiffs' injuries.

**ANSWER: Defendant denies the allegations contained in paragraph 65.**

### COUNT III: Rehabilitation Act Violation
### The Plaintiff v. Defendant Dart in his official capacity

66. Each of the above paragraphs setting forth the factual allegations is

incorporated as if fully restated herein.

**ANSWER: Defendant denies the allegations contained in paragraph 66.**

67. Section 504 provides that "[]no otherwise qualified individual with a disability

in the United States …shall, solely by reason of her or his disability, be

excluded from the participation in, be denied the benefits of, or be subjected to

discrimination under any program or activity receiving Federal financial

assistance..." 29 U.S.C. § 794.

**ANSWER: Defendant admits to the allegations in paragraph 67.**

68. Section 504 requires covered entities to provide reasonable accommodations

to enable qualified individuals with disabilities to participate in the program

or activity.

**ANSWER: Defendant admits to the allegations contained in paragraph 68.**

69. The Cook County Sheriff is subject to the Rehabilitation Act as his office is an

entity that receives federal financial assistance. 29 U.S.C. §794(b); C.F.R. §

27.1.

**ANSWER: Defendant admits to the allegations contained in paragraph 69.**

70. The Plaintiff is a qualified individual with a disability pursuant to Section 504 because of the injuries described in the complaint, and his difficulty standing and walking and his need for a cane.

**ANSWER: Defendant denies the allegations contained in paragraph 70.**

71. Defendant's conduct was intentional and deliberately indifferent to the Plaintiff's federally protected rights, denying the Plaintiff benefits and use of jail facilities, causing the Plaintiff damages.

**ANSWER: Defendant denies the allegations contained in paragraph 71.**

## COUNT III: ADA Violation
### The Plaintiff v. Defendant Dart in his official capacity

72. Each of the above paragraphs setting forth the factual allegations is incorporated as if fully restated herein.

**ANSWER: Defendant denies the allegations contained in paragraph 72.**

73. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132..

**ANSWER:  Defendant denies to the allegations in paragraph 73.**

74. The ADA requires public entities to provide reasonable accommodations to qualified individuals with disabilities to enable them to benefit from the service and participate in the program or activity.

**ANSWER: Defendant denies the allegations in paragraph 74.**

75. The Plaintiff is a qualified individual with a disability pursuant to the ADA because of the injuries described in the complaint, and his difficulty standing and walking and his need for a cane.

**ANSWER: Defendant denies the allegations in paragraph 75.**

76. Defendant's conduct was intentional and deliberately indifferent to the Plaintiff's federally protected rights, denying the Plaintiff benefits and use of jail facilities, causing the Plaintiff damages.

**ANSWER:  Defendant denies the allegations in paragraph 76.**

77. As a result of Defendant's unlawful actions, the Plaintiff suffered injuries, including past, present and future physical and emotional pain and suffering, disability, and loss of normal life.

**ANSWER: Defendant denies the allegations in paragraph 77.**

## COUNT IV: State Indemnification Claim
### Plaintiff v. Cook County

78. Upon information and belief, pursuant to state statute, Cook County is the indemnifying entity for any judgment for compensatory damages entered against Defendants Dart and Bacon.

**ANSWER: Defendant admits to the allegations in paragraph 78.**

79. Therefore Cook County has a material interest in the outcome of this action, and is being sued for indemnification of any judgement, other than punitive damages.

**ANSWER: Defendant admits to the allegations in paragraph 79.**

## CONCLUSION

Therefore, for the reasons stated above, the Plaintiff seeks compensatory damages, punitive damages against Defendant Bacon, as well as costs and attorneys' fees, and any other relief that this Court may deem appropriate.

**ANSWER: Defendant denies to the allegations in the conclusion.**

PLAINTIFF DEMANDS A TRIAL BY JURY

**ANSWER: Defendant demands a trial by jury.**

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's Complaint, Defendant alleges the following separate affirmative defenses against Plaintiff.

Pleading in the alternative, and without prejudice to the denials in their Answer, Defendants assert the following separate Affirmative Defenses to Plaintiff's Complaint

## I.    42 U.S.C. §1997e(a)

1. The Plaintiff was at all relevant times and the date of filing, a prisoner. Under Section 1997e(a) of the Prisoner Litigation Reform Act, plaintiff must exhaust his administrative remedies before filing a Section 1983 lawsuit for damages. The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

2. Plaintiff alleged he submitted a grievance in his complaint.

3. Plaintiff failed to appeal these alleged grievances.

4. As such, Plaintiff failed to properly exhaust his administrative remedies and therefore his claims are barred.

## II.    42 U.S.C. §1997e(e)

1. Plaintiff, a prisoner at all times relevant to this lawsuit, has requested damages for physical injuries, pain and suffering.

2. Section 1997e(e) of the Prisoner Litigation Reform Act (42 U.S.C. § 1997e(e)) ("PLRA") provides that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury that is greater than *de minimis* or the commission of a sexual

18

act (as defined in Section 2246 of Title 18 of the U.S. Code.

3. Plaintiff cannot show a physical injury that is greater than *de minimis* and, under Section 1997e(e) of the PLRA, cannot seek damages for any alleged mental distress.

### III. Qualified Immunity

1. The conduct of the Defendant was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights.

2. Accordingly, Defendant is entitled to the defense of qualified immunity.

### IV. Failure to Mitigate

1. At all relevant times, Plaintiff owed a duty to take reasonable measures to mitigate his alleged injuries and damages.

2. Defendant reserves the right to add additional affirmative defenses as they become known through the course of litigation.

### V. Tort Immunity

1. To the extent Plaintiff alleges any supplemental state law claims; the Defendant acted neither willfully nor wantonly toward Plaintiff at any time.

2. Therefore, the Defendant is shielded from suit under the Illinois Tort Immunity Act. *See*, 745 ILCS 10/2-202.

### VI. Sole Proximate Cause

VII. At all relevant times, Plaintiff was the sole proximate cause of the occurrence, and thus no act or omission of any other person could have been

a proximate cause.

Defendant reserves the right to amend the affirmative defenses at any point throughout the course of litigation.

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendant hereby demands a jury trial.

WHEREFORE, based on the foregoing, Defendant prays that this Court grant judgment in favor of Defendants and against Plaintiff on all counts, and further requests that this Court grant Defendants' costs, attorneys' fees, issue Plaintiff a strike pursuant to the PLRA, and any such other relief that this Court deems just and appropriate.

Respectfully Submitted,

KIMBERLY M. FOXX

State's Attorney of Cook County

By:     _/s/ Joel Zeid_____
              Joel Zeid
              Assistant State's Attorney
              500 Richard J. Daley Center
              Chicago, Illinois 60602
              Joel.zeid@cookcountyil.gov
              984-666-0654

## CERTIFICATE OF SERVICE

I, Joel Zeid, Assistant State's Attorney, hereby certify that the attached

Defendants' Answer to Plaintiff's Complaint with Affirmative Defenses were served

upon the persons named below via electronic mail on 10/27/2022.

**Richard J. Dvorak**
Dvorak Law Offices, LLC
6262 Kingery Highway
Suite 305
Willowbrook, IL 60527
312-593-7146
Fax: Active
Email: richard.dvorak@civilrightsdefenders.com


By:   */s/ Joel Zeid*
Joel Zeid