IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOUGLAS JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 22-cv-03718 |
| v. | ) |
| COOK COUNTY SHERIFF THOMAS | ) Hon. Robert Judge Gettleman |
| DART, in his official capacity, | ) Hon. Mag. Judge Jeffrey Cummings |
| ANTWAUN BACON, a CCDOC officer, and | ) |
| COOK COUNTY, a municipal corporation, | ) |
| | ) |
| Defendants. | ) |

## JOINT STATUS REPORT

The Parties, by and through their attorneys, hereby submit the following joint status report:

1. **Attorneys of Record**

   *For the Plaintiff:*

   Richard J. Dvorak (lead)
   Dvorak Law Offices, LLC
   6262 Kingery Highway
   Suite 305
   Willowbrook, IL 60527
   312-593-7146
   richard.dvorak@civilrightsdefenders.com


   *For the Defendants:*

   Joel Madison Zeid (lead)
   Cook County State's Attorney's Office
   50 W Washington St
   Room 500
   Chicago, IL 60602
   984-666-0654
   Joel.zeid@cookcountyil.gov

1

2. **Jurisdiction**

The jurisdiction of this court is invoked pursuant to the Civil Rights Act, U.S.C. 42 U.S.C. § 1983, § 1988 and 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States pendant jurisdiction as provided under 28 U.S.C. § 1367(a), as well as Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794, et. seq.), the Americans with Disabilities Act (42 U.S.C. §12101, et. seq.). Venue is proper under 28 U.S.C. § 1391(b)(2) as all parties resigned in this judicial district and all underlying events pertaining to the claims occurred within the district.

3. **Jury Demand**

A jury has been requested by both the Plaintiff and the Defendants.

4. **Nature of the Claims**

The Plaintiff alleges that the Defendant Bacon, a correctional officer at the Cook County Jail, fastened a set of handcuffs unreasonably tightly on the Plaintiff's wrists, causing him lasting injuries. The Plaintiff alleges that he should have been exempted from handcuffing on account of his medical conditions. The Plaintiff brings excessive force/deliberate claims against Bacon, and *Monell,* ADA, and Rehabilitation Act claims against the Sheriff for allegedly defective policies.

The Defendants deny the Plaintiff's allegations.

5. **Relief Sought**

   The Plaintiff seeks compensatory and punitive damages, as well as attorneys' fees.

6. **Key Issues**

   Keys issues include whether Defendant Bacon acted unreasonably and/or with deliberate indifference to the Plaintiff's medical needs when he fastened the cuffs on the Plaintiff's wrists, and whether the Sheriff had adequate policies in place to train/alert C.O.s as to how to transport/escort inmates with serious medical needs. It is the Defendants' position that Defendant Bacon acted reasonably and that the Sheriff's policies are not defective or deliberately indifferent.

7. **Discovery**

   The Parties propose the following schedule:

   a. Initial disclosures shall be exchanged by December 15, 2022
   b. Written discovery requests be exchanged by January 15, 2023
   c. Fact Discovery, including depositions of treaters, shall close by May 15, 2023
   d. Expert discovery schedule to be determined.

8. **Trial**

   The Parties estimate that a trial would last four days. The Parties are available for trial in February of 2024.

9. **Referral to the Magistrate**

Defendants do not consent to jurisdiction and trial before a magistrate judge.

10. **Settlement Conference.**

No settlement discussions have taken place. Defendant is opposed to a settlement conference at this time.

Date: 11-10-2022

    Respectfully submitted,

    /s/ Richard Dvorak
    Richard Dvorak
    One of the Attorneys for the Plaintiff.

Richard Dvorak
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, Illinois 60527
630-568-3190
richard.dvorak@civilrightsdefenders.com

    /s/ *Joel Zeid*
    Joel Zeid
    DEFENDANTS
    Assistant State's Attorney
    Torts / Civil Actions Bureau
    500 Richard J. Daley Center
    Chicago, Illinois 60602
    (984) 666-0654