IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 22 CV 3718 |
| COOK COUNTY SHERIFF THOMAS ) | |
| DART , in his official capacity, ) | Judge Robert W. Gettleman |
| ANTWAUN BACON, a CCDOC officer, ) | |
| and COOK COUNTY, a municipal ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT OFFICER ANTWUAN BACON'S RULE 56.1 (a)(2)
STATEMENT OF MATERAL FACTS IN SUPPORT OF HIS MOTION
FOR SUMMARY JUDGMENT**

Defendant, OFFICER ANTWUAN BACON, by and through his Special Assistant State's Attorneys, Jason E. DeVore and Jorie R. Johnson, of DEVORE RADUNSKY LLC, submit the following Statement of Material Facts and Exhibits in support of his Motion for Summary Judgement pursuant to Local Rule 56.1 (a)(2).

**I.      List of Exhibits**

**Exhibit No. 1** - Deposition Transcript of Plaintiff, Douglas Johnson, dated February 6, 2024.

**Exhibit No. 2** - Plaintiff Douglas Johnson's Booking Card under booking 20190508253.

**Exhibit No. 3 -** Plaintiff Douglas Johnson's Grievances under Booking 20190508253.

**Exhibit No. 4 -** Plaintiff Douglas Johnson's Bed Assignments and Movement History under booking 20190508253.

**Exhibit No. 5 -** Plaintiff Douglas Johnson's Disciplinary Incident Reports under booking 20190508253.

    **Exhibit No. 6 -** Plaintiff Douglas Johnson's Inmate Alerts under booking 20190508253.

    **Exhibit No. 7 -** Plaintiff Douglas Johnson's Medical Records from Cook County under booking 20190508253.

    **Exhibit No. 8 -** CCDOC Policy708: Control of Inmate Movement

    **Exhibit No. 9 -** CCDOC Policy709: Use of Restraints.

    **Exhibit No. 10 -** Deposition Transcript of Defendant Officer Antwaun Bacon, dated February 14, 2024.

    **Exhibit No. 11 -** Deposition Transcript of Dr. Patrick Ennis, M.D., dated March 7, 2024

    **Exhibit No. 12 -** Deposition Transcript of Officer Maurice Orr, dated March 26, 2024.

    **Exhibit No. 13 -** Deposition Transcript of Lieutenant Karen Purcell, dated March 28, 2024.

    **Exhibit No. 14 -** Deposition Transcript of First Assistant Executive Director Larry Gavin, dated April 24, 2024.

    **Exhibit No. 15 -** Electronic Tier Log - DIV 8 Tier 2G dated July 19, 2020.

**II.**    **Description of the Parties**

    1.    Plaintiff, Douglas Johnson (hereafter "Johnson") is a resident of Chicago, Illinois and was previously a detainee of Cook County Department of Corrections (hereafter "CCDOC"). (Ex. 1. at 19:10-22).

    2.    Between November 6, 2020, and December 8, 2022, Plaintiff was pretrial detainee and incarcerated at the Cook County Department of Corrections ("CCDOC"), located at 2700 South California Avenue, Chicago, Illinois 60608. (Ex. 2.)

    3.    On July 19, 2020, and at all relevant times herein, Defendant Officer Antwaun Bacon was employed by Cook County Sheriff's Office at the Department of Corrections as a Correctional Officer. (Ex. 10 at 12:24-13:11.)

**Facts Supporting Venue and Jurisdiction in this Court.**

    4.    Plaintiff's lawsuit is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Accordingly, this Court has jurisdiction over this action under 28 U.S.C. § 1343. (Ex. 1 at 27:1-27:6).

    5.    Plaintiff's lawsuit also brings supplemental state law claims of willful and wanton conduct and a batter claim. (Dkt. 1.)

  6.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because all events giving rise to this claim occurred in this district. (Ex. 1. at 27:1-27:6).

**III.  Undisputed Material Facts.**

**<u>Johnson at CCDOC</u>**

  7.  On May 8, 2019, Johnson entered CCDOC. (Ex. 2).

  8.  From May 8, 2021, to January 8, 2021, Johnson was housed in Division 8, Tier 2G, in cell D3, bed number 8. (Ex. 4).

  9.  Johnson prior to arriving at CCDOC Johnson had received an injection in his right hand for carpal tunnel syndrome. (Ex. 1 at 85:11-85:20)

  10.  From December 8, 2019, to December 9, 2021, Johnson had an inmate alert for a cane. (Ex. 6 at CCSAO Johnson 000066).

  11.  During his time at CCDOC, Johnson was found guilty of participating in a riot and refused to receive medical attention at various times. (Ex. 5 at CCSAO Johnson 000065).

**<u>Cook County Department of Corrections Policies Policy</u>**

  **708: Movement of Inmates**

  12.  Sworn members should be vigilant in the control and movement of inmates between areas within the Department and when transporting inmates outside confined areas of the Department. Control may be by direct or indirect visual observation. All sworn members should consider all inmate movement as a high-risk activity. (Ex. 8. at CCSAO Johnson 000062-62).

  13.  Inmates should be restrained during movement based upon individual security classification, with higher risk inmates in handcuffs, waist chains and leg irons. An exception to this procedure is when an inmate has a physical disability where restraint devices may cause serious injury. (Ex. 8. at CCSAO Johnson 000062-63).

  **Policy 709: Use of Restraints**

  14.  Sworn members shall conduct direct face-to-face observation to check the inmate's physical well-being and behavior. When feasible, restraints shall be checked to verify correct application and to ensure they do not compromise circulation. (Ex. 9 at CCSAO Johnson 000156-000163).

  15.  A physical disability (e.g., visually impaired, hearing impaired, paraplegic) does not preclude the use of restraints on an inmate. (Ex. 9 at CCSAO Johnson 000156-000163).

16. When applying restraints to a disabled inmate, the responsible sworn member shall promptly notify his/her immediate on-duty supervisor. (Ex. 9 at CCSAO Johnson 000156-000163).

17. When restraints are used on a disabled inmate, the appropriate incident report shall be completed by the assigned sworn member. The report shall document the totality of the circumstances. (Ex. 9 at CCSAO Johnson 000156-000163).

**July 19, 2020, at CCDOC**

18. On July 19, 2020, Officer Bacon was assigned to Division 1, with the specific duty of transporting inmates between Division 8 and Division 1 for visitation purposes. (Ex. 10 at 13:7 – 13:18).

19. On July 19, 2020, Johnson was scheduled for an in-person inmate visit. (Ex. 1 at 21:11-27:13)

20. On July 19, 2020, Officer Orr and Sergeant Purcell were assigned to Division 8 RTU. (Ex. 15).

**Handcuffing**

21. On July 19, 2020, Johnson was summoned from his cell for a scheduled in-person visit and was escorted from his housing unit, where he encountered Officer Bacon. (Ex. 1 at 27:11-27:16)

22. Officer Bacon attempted to apply handcuffs to Johnson in preparation for transportation to his in-person visit. Johnson asserted that he had a no-handcuff order. Officer Bacon asked Johnson to produce documentation confirming the alleged restriction, but Johnson was unable to provide any such documentation. (Ex. 1 at 27:16–27:23; Ex. 10 at 15:16–15:23).

23. Officer Bacon advised Johnson that, in accordance with standard departmental protocol, it was necessary to secure an inmate with handcuffs during transport unless valid medical documentation exempting such restraint was provided. (Ex. 10 at 15:21-15:23, Ex. 10 at 17:23-18:10)

24. After explaining the handcuffing policy, Officer Bacon applied handcuffs to Johnson, engaged the double-lock mechanism to prevent accidental tightening, and performed a finger check to confirm that the restraints were properly fitted and not causing unnecessary discomfort. (Ex. 10 at 15:21–15:23; Ex. 10 at 17:23–18:10).

25. The "finger test," as taught by the Sheriff's Training Academy, is used to confirm that handcuffs are not applied too tightly. After applying the handcuffs, the officer attempts to insert one or more fingers between the cuff and the detainee's wrist. If a finger can be inserted, the handcuffs are considered properly fitted. If not, the cuffs must be loosened to avoid restricting blood flow. (Ex. 14 at 19:23–20:5; Ex. 14 at 55:10–55:16; Ex. 13 at 19:16–20:4.)

4

26. Johnson contends that he notified Officer Bacon that the handcuffs were applied too tightly, and that it would affect his ability to walk. (Ex. 1 at 29:4-28:7)

27. Johnson admitted his handcuffs were placed in front, which allowed him to hold and use his cane with his right hand while restrained. (Ex. 1 at 46:8–11; 47:17–19

**Transportation to and from the Visit**

28. After applying the handcuffs, Officer Bacon escorted Johnson and several other detainees to the elevator. Upon exiting the elevator, Officer Bacon continued escorting the group down the hallway and turned toward Division 1. (Ex. 10 at 19:5–26:2).

29. As he walked, Johnson leaned against the wall and allegedly informed Officer Bacon that the handcuffs were too tight, requesting that they be loosened. (Ex. 1 at 28:1–28:22).

30. Officer Bacon then directed Johnson and the other detainees up a flight of stairs toward the yard, where visitation was taking place. Johnson held the stair railing as he walked up the stairs. (Ex. 1 at 30:15–30:23; Ex. 10 at 19:5–26:2).

31. Upon reaching the top of the stairs, Johnson encountered Sergeant Purcell and reported that his handcuffs were too tight. Sergeant Purcell informed Johnson of the applicable handcuffing policy and instructed him to continue walking. (Ex. 1 at 30:23–31:5).

32. At all times during the transport from the RTU to Division 1, detainees, including Johnson, were required to wear face masks in accordance with COVID-19 regulations in effect at CCDOC at the time. (Ex. 1 at 26:3–26:22). (Ex. 10 26:3-26:22)

33. Upon arrival at the yard, Officer Bacon transferred custody of the detainees to the receiving officer, who escorted Johnson to his assigned table for a twenty- to thirty-minute visit. Johnson claims he was in pain but proceeded with the visit. Afterward, Officer Bacon escorted him back to the RTU. (Ex. 1. at 31:15–31:21).

34. During the return walk to the RTU, Johnson testified that he requested a new mask from Officer Bacon, stating that his mask was wet and causing difficulty breathing. Officer Bacon did not provide a new mask, and the group continued walking. (Ex. 1 at 32:2–32:8).

35. Johnson also testified that he informed Officer Bacon that he had asthma. Officer Bacon testified that he does not recall Johnson informing him of any asthma condition. (Ex. 1 at 65:6–65:8; Ex. 10 at 67:6–67:9).

36. Johnson testified that he experienced an asthma attack upon entering the elevator. He acknowledged that he did not request to use his inhaler, and his grievance does not mention an inhaler request. Both Officer Bacon and Officer Orr testified that they do not recall Johnson reporting an asthma attack. (Ex. 1 at 66:16–68:1; Ex. 3 at 36).

**Arrival to Tier**

37. Upon returning to his tier, Johnson asked Officer Orr for a new mask and then went to the bathroom to run his hands under cold water. He subsequently showed Officer Orr his wrists and requested a supervisor. Sergeant Purcell responded, observed Johnson's wrists, and called for a nurse, who provided Johnson with two Tylenol. (Ex. 1 at 32:11–33:11; Ex. 12 at 15:16–23)

38. Sergeant Purcell testified that she did not recall the incident but confirmed that, pursuant to CCDOC policy, all detainees are to be handcuffed unless medically exempt. (Ex. 13 at 10:24–11:2; 15:15–16:2).

**Medical Attention**

39. Johnson testified that the condition of his wrist deteriorated, and he made a request to see a doctor. About a week after he put in his request, Johnson received an appointment with Dr. Ennis. (Ex. 1 34:9-34:17, Ex. 7 at 240)

40. Dr. Ennis evaluated Johnson and documented that his right wrist exhibited full range of motion and had a skin-colored nodule on the lateral ventral aspect that was soft but tender to palpation. (Ex. 11 at 16:13–18:15; 23:19–23:23).

41. Dr. Ennis opined that the examination findings were consistent with a wrist condition but could not determine whether it was caused by an injury the Johnson had sustained from any incident. (Ex. 11 at 16: 13-18:15, Ex. 11 at 23:19-23:23)

42. Johnson testified that he was later evaluated by another physician, who referred him for carpal tunnel surgery, which was performed in March 2021. (Ex. 1 at 35:2–35:12)

                                                        **Respectfully Submitted**,

                                                        **EILEEN O'NEILL BURKE**
                                                        **State's Attorney of Cook County**

By:    */s/ Jason E. DeVore*
            Jason E. DeVore
            One of the Attorneys
            for **Defendant Officer Bacon**

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Jorie R. Johnson (ARDC # 6325695)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606

6

(312) 300-4479 telephone
jdevore@devoreradunsky.com
jjohnson@devoreradunsky.com

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby certifies that **Defendant Antwaun Bacon's Statement of undisputed material facts and exhibits in support of his Motion for Summary Judgement**, was served pursuant to the District Court's ECF system to all attorneys of counsel on this 12th day of June 2025.

/s/*Jorie R. Johnson*