THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Douglas Johnson, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 2022 cv 3718 |
| | ) | |
| COOK COUNTY SHERIFF THOMAS | ) | Judge Robert W. Gettleman |
| DART , in his official capacity | ) | |
| ANTWAUN BACON, a CCDOC officer, | ) | |
| and COOK COUNTY, a municipal | ) | |
| corporation | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ANTWAUN BACON'S MEMORANDUM IN SUPPORT
OF HIS MOTION FOR SUMMARY JUDGMENT**

Defendant, Officer Antwaun Bacon, ("Officer Bacon"), by and through his Special Assistant State's Attorneys, Jason E. DeVore and Jorie R. Johnson of DeVore Radunsky LLC, pursuant to Fed. R. Civ. P. 56, and Local Rule 56.1, state as follows:

**INTRODUCTION**

Plaintiff Douglas Johnson ("Plaintiff") brings this action under 42 U.S.C. § 1983 against Defendant Antwaun Bacon, a correctional officer employed by the Cook County Department of Corrections ("CCDOC"), alleging that Officer Bacon used excessive force in violation of the Fourteenth Amendment when handcuffing Plaintiff during a routine inmate escort on July 19, 2020. (Dkt. 1, ¶¶ 13–60). Plaintiff also asserts related claims against Defendants Dart and Cook County under Monell and state indemnification theories. (*Id.* ¶¶ 61–79).

At the time of the incident, Plaintiff was a pretrial detainee at CCDOC. Plaintiff alleges that Officer Bacon improperly handcuffed him in violation of alleged CCDOC policies, applied

1

the cuffs too tightly despite verbal complaints, and refused to accommodate Plaintiff's asthma condition or cane usage. (Dkt. 1 ¶¶ 16–34). Plaintiff claims that these actions resulted in pain, swelling, and nerve damage requiring carpal tunnel surgery. (*Id.* ¶¶ 44–54).

Summary judgment is warranted because Officer Bacon's conduct was objectively reasonable under the circumstances and consistent with CCDOC policy. The evidence shows that handcuffs were applied properly, Plaintiff had no documented exemption, and Plaintiff did not suffer a clearly attributable constitutional injury. Moreover, even if a constitutional violation could be inferred, Officer Bacon is entitled to qualified immunity. Accordingly, Defendant Antwaun Bacon respectfully requests that this Court grant summary judgment in his favor because there is no genuine dispute of material fact requiring a jury trial.

## STATEMENT OF FACTS

Plaintiff Douglas Johnson was a pretrial detainee at the Cook County Department of Corrections ("CCDOC") from May 2019 through December 2022. (SOF ¶¶ 1-2). (Defendants Statement of Material Facts hereby referenced as "SOF" ¶¶ 1–2). On July 19, 2020, Plaintiff was housed in Division 8, Tier 2G, and was scheduled for an in-person visit. (SOF ¶ 8, 19). Defendant Officer Antwaun Bacon was assigned to inmate transport that day, specifically to escort detainees from their housing units to visitation areas. (SOF ¶ 18).

### A. CCDOC Policies

Pursuant to CCDOC Policy 708 ("Control of Inmate Movement"), all inmate movement is considered a high-risk activity requiring strict security measures. (SOF ¶ 12). Inmates must be monitored by direct or indirect observation, and higher-risk inmates are to be restrained using handcuffs, waist chains, and leg irons as needed. (SOF ¶¶ 12-13). Exceptions are made only for

individuals with documented physical disabilities that would make such restraints dangerous. (SOF ¶¶ 13, Ex. 8).

Additionally, CCDOC Policy 709 ("Use of Restraints") governs the use and monitoring of physical restraints. (SOF ¶ 14). The policy requires that restraints be checked for proper application and circulation, and mandates notification to a supervisor when restraints are used on a disabled inmate. (SOF ¶¶ 14-16, Ex. 9). All uses of restraints must be documented, and members must verify that the restraints are not causing harm. (SOF ¶¶ 16-17, Ex. 9). These policies are consistent with standard correctional practice and are in place to ensure officer and detainee safety during inmate transport and movement within the facility. (SOF ¶¶ 14, 25).

**B. Events of July 19, 2020**

On the date of the incident, Plaintiff was summoned from his cell by Officer Bacon for transport to a scheduled visit. (SOF ¶ 21). Plaintiff claimed to have a medical exemption from handcuffing but was unable to produce any documentation. (SOF ¶ 22). In accordance with CCDOC Policy 708, Officer Bacon informed Plaintiff that handcuffing was mandatory unless medical documentation was provided. (SOF ¶ 23). Officer Bacon proceeded to apply handcuffs in front of Plaintiff's body, engaged the double-lock feature to prevent the cuffs from tightening, and performed the "finger test," a method taught by the Sheriff's Training Academy to ensure proper fit without restricting circulation. (SOF ¶¶ 24-25). Plaintiff was then escorted to the visitation area along with other detainees. (SOF ¶¶ 28-33).

During the walk, Plaintiff leaned against the wall and allegedly told Officer Bacon the handcuffs were tight. (SOF ¶ 29). At no point did Plaintiff display visible signs of distress or physical inability to proceed. (SOF ¶¶ 28-32). Plaintiff walked up stairs to the yard, using the railing, and completed a 20–30 minute visit without incident. (SOF ¶ 33). On the return walk,

Plaintiff requested a new mask, stating that his was wet. (SOF ¶ 34). He also claims to have told Officer Bacon he had asthma, though he made no request to use an inhaler. (SOF ¶¶ 35-36). Officer Bacon denies receiving any such notification. (SOF ¶¶ 36). Upon returning to the tier, Plaintiff asked Officer Orr for a new mask and ran his hands under cold water. (SOF ¶ 37). He later showed his wrists and requested a supervisor. (SOF ¶ 37).Sergeant Purcell responded, observed Plaintiff's wrists, and summoned medical staff. Plaintiff was evaluated and given Tylenol. (SOF ¶ 37).

**C. Medical Evaluation**

Approximately one week later, Plaintiff was evaluated by Dr. Patrick Ennis, who noted full range of motion in Plaintiff's wrist and identified a soft, tender nodule. (SOF ¶¶ 39-40). Dr. Ennis found no objective sign of injury attributable to handcuffing and could not confirm any causal connection to the July 19 incident. (SOF ¶¶ 41). Although Plaintiff later underwent carpal tunnel surgery in 2021, he had previously received treatment for that condition before his detention. (SOF ¶ 9). No medical provider has linked Plaintiff's surgery or long-term condition to the July 2020 handcuffing. (SOF ¶ 41).

**D. Officer Bacon's Conduct**

At all times, Officer Bacon adhered to CCDOC policies, acted in accordance with his training, and used only the force reasonably necessary to carry out his assigned duties. (SOF ¶ 24).The handcuffing procedure was performed correctly and without malice or punitive intent. There is no evidence of excessive force or improper conduct. (SOF ¶ 23).

## LEGAL STANDARD

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that they are entitled to judgment as a matter of law. *Carmichael v. Village of*

4

*Palatine*, 605 F.3d 451, 460 (7th Cir. 2010); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court must view all facts and reasonable inferences supported in the record in favor of the nonmoving party. *Samuelson v. LaPorte Cty. Sch. Corp.*, 52 F.3d 1046, 1051 (7th Cir. 2008).

A motion for summary judgment "requires the responding party to come forward with the evidence that it has—it is the 'put up or shut up' moment in a lawsuit." *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2009). The nonmovant must present more than a scintilla of evidence in support of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## ARGUMENT

### I. Plaintiff's Excessive Force Claim Fails as a Matter of Law

Claims of excessive force brought by pretrial detainees are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). To prevail, a detainee must show that the force used against him was objectively unreasonable under the totality of the circumstances. *Id.* This standard is purely objective and does not depend on the officer's intent. *Id.*

The factors for determining objective unreasonableness include: *(1)* The relationship between the need for force and the amount used; *(2)* The extent of the plaintiff's injury; *(3)* Any effort made to temper the amount of force; *(4)* The perceived threat to staff or others; and *(5)* Whether the detainee was actively resisting. *Kingsley*, 576 U.S. at 397. Importantly, not every use of force, even if it causes minor discomfort or superficial injury constitutes a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001).

### a. Officer Bacon's Use of Handcuffs Was Objectively Reasonable and Consistent with CCDOC Policy

The undisputed facts show that Officer Bacon followed CCDOC policy when applying handcuffs to Plaintiff for routine inmate transport. *CCDOC Policy 708* requires that inmates be restrained during movement unless a medical exemption is documented. Plaintiff acknowledged that he had no such documentation on July 19, 2020. ([SOF ¶¶ 9–10]) Officer Bacon applied the handcuffs in front of Plaintiff's body, allowing Plaintiff to hold and use his cane ([SOF ¶ 13]). Officer Bacon also used the double-lock feature on the handcuffs, to prevent overtightening during transport ([SOF ¶ 12]) Lastly, Officer Bacon performed the "finger test", to ensure the handcuffs were not too tight or causing circulatory issues ([SOF ¶ 12]).

These procedures are consistent with CCDOC *Policy 709: Use of Restraints* ([SOF ¶ 7]), which requires verification that restraints are secure but not injurious and mandates that members exercise sound discretion during application. Plaintiff was then escorted to his visit, walked up a flight of stairs, participated in a 20–30 minute visit without incident, and did not request immediate medical care ([SOF ¶¶ 14–15]). Plaintiff alleges he verbally complained of tightness during the escort, but there is no evidence of immediate visible injury or any refusal by Officer Bacon to respond to an actual medical emergency ([SOF ¶¶ 16–17]).

### b. Plaintiff's Alleged Injury Was Minor and Not Attributable to Any Use of Force

Plaintiff was a pretrial detainee at the time of the incident; his excessive force claim is governed by the Fourteenth Amendment. *See Hardeman v. Curran*, 933 F.3d 816, 822 (7th Cir. 2019); *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). To prevail, a pretrial detainee must show "only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396–97. The determination of objective reasonableness is based on the "facts and circumstances of each particular case." *Id.* at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). However, not every application of force gives rise to a constitutional violation. To be

actionable under the Fourteenth Amendment, the use of force must amount to punishment. *See Davis v. Phillips,* No. 11-1065, 2012 WL 912857, at *5 (C.D. Ill. Mar. 16, 2012) (quoting *Graham*, 490 U.S. at 395 n.10). The use of *de minimis* force does not satisfy this standard. *See Jackson v. Stubenvoll*, No. 20 C 1905, 2022 WL 991950, at *3 (N.D. Ill. Mar. 31, 2022) ("*De minimis* force cannot plausibly be considered punishment, or every push or shove of a pretrial detainee would give rise to a constitutional claim.") (internal citation omitted); *see also Graham*, 490 U.S. at 396.

There is no bright-line rule distinguishing *de minimis* from excessive force. While a significant injury is not required, the absence of injury may suggest that the force used was minimal. *See Wilkins v. Gaddy*, 559 U.S. 34, 36–37 (2010). Courts in this Circuit have found no constitutional violation where the use of force resulted in minimal harm, such as closing a cuffport door on an inmate's hand causing swelling and tenderness; shoving an inmate into a doorframe resulting in bruising; or pouring a bucket of water that struck an inmate's head, causing headaches. *Jackson*, 2022 WL 991950, at *4. By contrast, actions such as punching with a closed fist, tasing a noncompliant prisoner, or inflicting injuries through punching, kicking, choking, or slamming have been deemed sufficiently serious to support excessive force claims. *Id.*

In this case, Plaintiff asserts that the handcuffing incident caused wrist pain and eventually necessitated surgery for carpal tunnel syndrome. However, there is no objective medical evidence supporting this claim. Dr. Patrick Ennis examined Plaintiff approximately one week after the incident and documented in Plaintiff's medical records that he exhibited full range of motion in the right wrist, had a skin-colored soft nodule tender to palpation, and had no signs linking the wrist condition to trauma from handcuffing. ([SOF ¶ 20]). In addition, Plaintiff had a known history of carpal tunnel syndrome prior to his detention at CCDOC, for which he had already

received treatment ([SOF ¶ 22]). No medical professional has attributed Plaintiff's condition to the July 19, 2020, incident or concluded that it worsened as a result ([SOF ¶ 23]).

The Seventh Circuit has consistently held that speculative or minor injuries do not support a claim for excessive force. *See Outlaw v. Newkirk*, 259 F.3d 833, 839 (7th Cir. 2001) (affirming summary judgment where there was no evidence linking the force used to the plaintiff's medical condition); *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000) (noting that minor discomfort or bruising does not rise to the level of excessive force).

Even accepting Plaintiff's version of events as true, a reasonable jury could only conclude that Officer Bacon's conduct amounted to no more than *de minimis* force. The handcuffs were applied in accordance with policy and remained on for a brief period. No medical provider has found that the handcuffing caused any lasting injury. *See Outlaw*, 259 F.3d at 840 ("[M]inor injury supports the conclusion that the incident was at most a *de minimis* use of force not intended to cause pain or injury to the inmate."). Accordingly, Plaintiff's excessive force claim fails as a matter of law.

c. **No Reasonable Jury Could Find Officer Bacon's Conduct Objectively Unreasonable**

Officer Bacon used routine handcuffing procedures that were standard, deliberate, and compliant with CCDOC policy. Plaintiff provided no medical documentation to justify a deviation from that procedure and continued walking, ascending stairs, and participating in his visit without assistance or obvious signs of medical distress ([SOF ¶¶ 9–15]).Plaintiff's later complaints while relevant to his personal discomfort do not rise to the level of a constitutional violation, particularly when no physical evidence supports his account of excessive or punitive force. See *Kingsley*, 576 U.S. at 397; *Lunsford v. Bennett*, 17 F.3d 1574, 1582 (7th Cir. 1994) ("The Constitution does not require guards to treat inmates with the same care and affection as a nurse would.").Thus, because

8

the force used was minimal, non-malicious, and applied with proper care, Plaintiff's excessive force claim fails as a matter of law.

**II.     Officer Bacon Is Entitled to Qualified Immunity**

Even if a constitutional violation could be inferred, Officer Bacon is entitled to qualified immunity. Alternatively, Defendant Officer Bacon is entitled to the defense of qualified immunity. Qualified immunity shields officials from civil damages liability in the performance of their duties. *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2078 (2011). To defeat qualified immunity, a plaintiff must plead facts showing: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Wood v. Moss*, 572 U.S. 744, 757 (2014). Courts have found when evaluating this two-part analysis that the defendant's intent is relevant to the first prong. See *Auriemma v. Rice*, 910 F.2d 1449, 1465 (7th Cir. 1990); see also *Triad Associates v. Chicago Housing Authority*, 87 C 5096, 1997 U.S. Dist. LEXIS 4031, at *22, 1997 WL 160744 (N.D. Ill. Mar. 31, 1997) (defendant's state of mind is relevant to determine whether a constitutional violation exists). To overcome qualified immunity, Plaintiff must demonstrate Defendant Officer Bacon violated Plaintiff's constitutional rights. See *Forman v. Richmond Police Dept.*, 104 F.3d 950, 957 (7th Cir. 1997) ("[d]oes the alleged conduct set out a constitutional violation").

Qualified immunity shields government officials from civil liability unless their conduct violated a constitutional right that was "clearly established" at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The doctrine provides "ample room for mistaken judgments" and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 343 (1986); *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).

    a.  **Plaintiff Cannot Establish a Constitutional Violation**

As detailed above, Plaintiff has failed to establish that Officer Bacon violated his constitutional rights under the Fourteenth Amendment. The force applied was minimal, non-punitive, and consistent with department policy. It did not cause lasting or serious injury, and it occurred in the course of a routine escort for an inmate visit. (SOF ¶¶ 9–15) The Seventh Circuit has repeatedly held that such low-level, non-malicious force especially when applied pursuant to institutional security protocols does not rise to the level of a constitutional violation. See *Outlaw v. Newkirk*, 259 F.3d 833, 839 (7th Cir. 2001); *Lunsford v. Bennett*, 17 F.3d 1574, 1582 (7th Cir. 1994).

### b. No Clearly Established Law Put Officer Bacon on Notice That His Conduct Was Unlawful

Even assuming arguendo that Plaintiff could establish a constitutional violation, there was no clearly established law in July 2020 that would have alerted a reasonable officer that handcuffing a detainee without documentation of a medical exemption, with proper application, and in accordance with department policy was unlawful. At the time, federal case law recognized that correctional officers may apply handcuffs during inmate transport, and that some discomfort does not violate the Constitution. See *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003); *Day v. Wooten*, No. 14 C 1196, 2016 WL 6082363, at *6 (N.D. Ill. Oct. 17, 2016) (officer not liable for tight handcuffs when he checked fit and detainee could not show serious injury). Moreover, Plaintiff's inability to produce a no-handcuff medical order, Officer Bacon's adherence to proper technique, and Plaintiff's continued use of his cane during the escort, all demonstrate that Bacon lacked fair notice that his conduct was unconstitutional. (SOF ¶¶ 10–13) Qualified immunity is designed to protect officers like Bacon, who rely in good faith on institutional policies and training. See *Wernsing v. Thompson*, 423 F.3d 732, 742 (7th Cir. 2005) ("Qualified immunity protects police

officers from suit for damages unless the law is so clear that it puts every reasonable officer on notice that what he is doing is unconstitutional.").

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant respectfully request that this Court grant his Motion for Summary Judgment as to all of Plaintiff's claims, along with fees and costs. Defendant also request any other relief the Court deems appropriate and oral argument, if deemed necessary, after briefing has concluded.

**Defendant Officer Bacon**

By: */s/ Jaseon E. DeVore*
Jason E. DeVore
One of the Attorneys for Defendant

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Jorie R. Johnson (ARDC # 6325695)
230 W. Monroe St., Suite 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
jjohnson@devoreradunsky.com

## CERTIFICATE OF SERVICE

I, Jorie R. Johnson, hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff's counsel of record pursuant to ECF, in accordance with the rules of electronic filing of documents on this 12th day of June 2025.

*/s/ Jorie R. Johnson*
Jorie R. Johnson